1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   WILLIAM R. BONNER,                     No. CIV S-11-1823-CMK-P

12               Plaintiff,

13        vs.                               <u>ORDER</u>

14   B. ROSZCO, et al.,

15               Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne,</u>

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: B. Roszko, S. Peck, J. Nuehring, Lt. Knudsen, and T. Williams.  According to plaintiff, defendants Peck (deputy commissioner of the Board of Prison Hearings), Knudsen (prison watch commander), and Nuehring (associate warden) are supervisory defendants who are "responsible for promulgating, monitoring compliance, with enforcing and/or supervising the enforcement of policies and procedures affecting the CSP-Solano."

Plaintiff claims that, on January 31, 2008, defendant Williams prepared a CDC-115 rules violation report accusing plaintiff of refusing to attend his work assignment, an accusation plaintiff maintains is false.  A disciplinary hearing was held on February 4, 2008, and plaintiff was found guilty and assessed a loss of 90 days of good-time credits and privileges.  Plaintiff asserts that defendants "used information that was false during the disciplinary hearing to find the Plaintiff guilty."  Plaintiff claims that the loss of privileges may affect the outcome of future appearances before the parole board.  Plaintiff specifically does not seek restoration of good-time credits.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief
alleges constitutional violations which would necessarily imply the invalidity of the prisoner's
underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in
imposition of a sanction affecting the overall length of confinement, such a claim is not
cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal,
by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477,
483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious
prosecution action which includes as an element a finding that the criminal proceeding was
concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997)
(concluding that § 1983 claim not cognizable because allegations of procedural defects were an
attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding
that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and
not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005)
(concluding that § 1983 action seeking changes in procedures for determining when an inmate is
eligible for parole consideration not barred because changed procedures would hasten future
parole consideration and not affect any earlier parole determination under the prior procedures).
In particular, where the claim involves loss of good-time credits as a result of an adverse prison
disciplinary finding, the claim is not cognizable.  See Edwards v. Balisok, 520 U.S. 641, 646
(1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a
biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss
of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf. Ramirez v.
Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of
Heck and Edwards does not apply to challenges to prison disciplinary hearings where the
administrative sanction imposed does not affect the over all length of confinement and, thus,
does not go to the heart of habeas).  If a § 1983 complaint states claims which sound in habeas,
the court should not convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at

586.  Rather, such claims must be dismissed without prejudice and the complaint should proceed

on any remaining cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at

487; Trimble, 49 F.3d at 585.

        The court finds that plaintiff's claim in this case is barred.  While plaintiff

specifically states that he is not challenging the loss of good-time credits, the fact remains that he

lost such credits and success on his claim that false information was used to find him guilty of a

disciplinary violation would necessarily imply the invalidity of the sanction and, thus, the

duration of plaintiff's confinement.   It makes no difference that plaintiff does not seek

restoration of lost good-time credits.

        Because it does not appear possible that the deficiencies identified herein can be

cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action

should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to

this order may result in dismissal of the action for the reasons outlined above, as well as for

failure to prosecute and comply with court rules and orders.  See Local Rule 110.

        IT IS SO ORDERED.


DATED:  August 23, 2011

                                          _____
                                          CRAIG M. KELLISON
                                          UNITED STATES MAGISTRATE JUDGE