IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. BONNER, | No. CIV S-11-1823-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| B. ROSZCO, et al., | |
| Defendants. | |
| _____/ | |

     Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's response to the court's August 24, 2011, order directing plaintiff to show cause why this action should not be dismissed for failure to state a claim.

     In the August 24, 2011, order to show cause, the court stated:

> Plaintiff names the following as defendants: B. Roszko, S. Peck, J. Nuehring, Lt. Knudsen, and T. Williams. According to plaintiff, defendants Peck (deputy commissioner of the Board of Prison Hearings), Knudsen (prison watch commander), and Nuehring (associate warden) are supervisory defendants who are "responsible for promulgating, monitoring compliance, with enforcing and/or supervising the enforcement of policies and procedures affecting the CSP-Solano."

|    |    |
|----|----|
| 1  | Plaintiff claims that, on January 31, 2008, defendant Williams prepared a CDC-115 rules violation report accusing plaintiff of refusing to attend his work assignment, an accusation plaintiff maintains is false.  A disciplinary hearing was held on February 4, 2008, and plaintiff was found guilty and assessed a loss of 90 days of good-time credits and privileges.  Plaintiff asserts that defendants "used information that was false during the disciplinary hearing to find the Plaintiff guilty."  Plaintiff claims that the loss of privileges may affect the outcome of future appearances before the parole board.  Plaintiff specifically does not seek restoration of good-time credits. |

Plaintiff claims that, on January 31, 2008, defendant Williams prepared a CDC-115 rules violation report accusing plaintiff of refusing to attend his work assignment, an accusation plaintiff maintains is false. A disciplinary hearing was held on February 4, 2008, and plaintiff was found guilty and assessed a loss of 90 days of good-time credits and privileges. Plaintiff asserts that defendants "used information that was false during the disciplinary hearing to find the Plaintiff guilty." Plaintiff claims that the loss of privileges may affect the outcome of future appearances before the parole board. Plaintiff specifically does not seek restoration of good-time credits.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).  In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf. Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the over all length of confinement and, thus, does not go to the heart of habeas).  If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such claims must be dismissed

without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

The court finds that plaintiff's claim in this case is barred. While plaintiff specifically states that he is not challenging the loss of good-time credits, the fact remains that he lost such credits and success on his claim that false information was used to find him guilty of a disciplinary violation would necessarily imply the invalidity of the sanction and, thus, the duration of plaintiff's confinement. It makes no difference that plaintiff does not seek restoration of lost good-time credits.

Plaintiff's response to the order to show cause does not address the bar discussed above. For the reasons outlined in the August 24, 2011, order, the court finds that this action should be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim; and

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: November 14, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE