IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM R. BONNER,                                No. CIV S-11-1823-CMK-P

        Plaintiff,

    vs.                                                              ORDER

B. ROSZCO, et al.,

        Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party was served or appeared in the action. Final judgment has been entered and the case closed. Pending before the court is plaintiff's objections to the court's order dismissing this case, which is construed as a post-judgment motion for reconsideration (Doc. 13).

        The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later

1

than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

///

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

In this case, plaintiff seeks damages under § 1983 based on his claim that an adverse prison disciplinary finding, which resulted in the loss of good-time credits, was based on false information. The court directed plaintiff to show cause in writing why this action should not be dismissed as barred under Heck v. Humphrey, 512 U.S. 477 (1994). In particular, the court found that, even though plaintiff specifically states that he is not challenging the loss of good-time credits, the fact remains that he lost such credits and success on his claim that false information was used to find him guilty of a disciplinary violation would necessarily imply the invalidity of the sanction and, thus, the duration of plaintiff's confinement. The court noted that it makes no difference that plaintiff does not seek restoration of lost good-time credits.

In his motion for reconsideration, plaintiff argues that the court erred in its analysis because, as a prisoner sentenced to a life term, he is statutorily not entitled to good-time credits. Plaintiff concludes that, absent any implication his claims have on the loss of good-time credits, the Heck bar does not apply. The court finds this argument to be factually flawed and inconsistent with the allegations in plaintiff's complaint. Specifically, plaintiff alleges that he was assessed a loss of good-time credits as a result of the adverse disciplinary finding.

Plaintiff also argues that the Heck bar does not apply because he does not seek expungement of the adverse disciplinary finding or restoration of good-time credits as relief. Citing Muhammad v. Close, 540 U.S. 749 (2004), plaintiff concludes that his § 1983 claims do not go to the duration of his confinement because he only seeks monetary damages. Muhammad, however, is distinguishable from the present case. Here, plaintiff specifically alleged the loss of good-time credits. By contrast, in Muhammad the Supreme Court observed that "the Magistrate Judge expressly found or assumed that no good-time credits were eliminated. . ." and concluded that "[h]is § 1983 suit. . . could not therefore be construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served. . . ." Id. at 754-55. Thus, whereas the issue of good-time credits was not raised in Muhammad, it clearly is in this case given plaintiff's allegation that he was, in fact, assessed a loss of good-time credits.

Finally, the court rejects plaintiff's reading of Muhammad suggesting that, as a bright-line rule, the Heck bar is inapplicable in all cases where good-time credits were lost so long as the plaintiff does not seek restoration of good-time credits because, absent such a request for relief, success on the claim would have no impact on the duration of confinement.  The Court in Muhammad did not foreclose the argument that, even though the plaintiff did not seek restoration of good-time credits or expungement of the adverse disciplinary finding, success on the § 1983 claim would nonetheless entitle the prisoner to restoration of credits and, as a result, less time served.  Rather than addressing the merits of this argument – which this court finds persuasive on the facts of the instant case – the Supreme Court deemed it waived in Muhammad.  See id. at 755.   Accepting plaintiff's suggested bright-line rule would put form over function and undermine the legitimate bases for the Heck bar.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (Doc. 13) is denied and this case shall remain closed.

DATED:  January 14, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE